GULF THEATRES, INC., a Delaware Corporation, JESSE CLARK and VINCENT WADE, v. STATE, *ex rel.* CHESTER H. FERGUSON.

185 So. 862.

Division B.

Opinion Filed January 20, 1939.

*T. M. Shackleford, Jr.,* and *Alex Akerman, Jr.,* for Appellants;

*Sam Bucklow, Jr.,* and *W. Frank Hobbs,* for Appellee.

PER CURIAM.—This case is here on appeal from an order dated June 20th, 1938, entered by the Circuit Court of Hillsborough County, Florida, restraining the defendants below, appellants here, from operating on the premises of the Victory Theatres the scheme or plan known as "Bank Night." The suit was brought under Sections 5029 and 5039 C. G. L., by the State of Florida on the relation of Chester H. Ferguson, a citizen and resident of Hillsborough County,

Florida. The plaintiff below has the right to maintain the suit at bar. See Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A. L. R. 51.

The facts constituting Bank Night, and alleged to be prohibited by Sections 7667 and 7669 C. G. L., are fully set out in paragraph V of the bill of complaint, viz.:

"That the box office where admission tickets to said theatres are sold upon which persons obtain admittance, is outside the entrance to said theatres' lobbies, respectively, and adjacent to the sidewalks, and in order for a person to enter the lobby he must pass the box office and enter the lobbies of said theatres, respectively, through a passage or doorway, where there is maintained and kept a doorman by said theatres, whose duty and responsibility it is to see that no person enters through said passageway or door, unless he is the holder of an admission ticket entitling him to admission into said theatres; that from time to time within the vestibule or lobby of said Tampa Theatre the defendants have provided a registration book where the public generally, and more especially patrons of the said theatre, may register their names and addresses for the purpose of participating in the 'Bank Night' scheme, and opposite each name in the register there is a number, and for each name on the register a ticket or card bearing the same number as is opposite the name on the register is placed in an enclosed receptacle, usually a box or wire basket provided with a door and lock. One night of each week is designated by defendants as 'Bank Night,' to-wit, Friday night, and it is advertised by the defendants extensively, and 'Bank Night' is publicized by the defendants as being a prize or award in money, ranging from $100.00 up, and the winner of the award is determined as follows:

"Some time between the hours of seven and ten o'clock, the motion picture then being shown is stopped and a draw-

ing is held on the stage of the said Tampa Theatre. As a rule some child or other person in the audience is selected by some agent, servant or employee of the said defendants to come up on the stage and to draw a ticket from the box or wire receptacle aforesaid, which, prior to said time, has been placed by the said defendants, their agents, servants, or employees, on the stage, and contains the tickets with the numbers thereon purportedly corresponding with the numbers opposite the names on the registration book aforesaid. The said child or other person so selected as aforesaid is then blindfolded and draws a numbered ticket or card from the receptacle aforesaid, and the number on the ticket or card so drawn is checked against the corresponding number in said registration book to determine the person who wins the 'Bank Night' money current of the United States award, the amount of said award having been fixed prior to said drawing by said defendants. The winning person's name is then called out to the audience and announced within and without the said theatres, the theory being that any person attending either the Tampa or Victory Theatres on said Friday night of each and every week is entitled to participate in and receive said award if he is the winner under the facts herein stated; that is to say, that if within a few minutes after said drawing the winner thereof presents himself or herself and claims the 'Bank Night' award, which is usully paid to such winner by the said defendants, or one of them. Thereupon the said ticket so drawn is replaced in said receptacle; and it is announced that on the next succeeding Friday night the said 'Bank Night' award will be in an amount determined and fixed by said defendants, this amount varying, sometimes being $100.00 and sometime more, and on occasions as much as $500.00. If the person whose number is drawn is not present at either of said theatres but presents himself within

a few minutes as designated by said defendants after the number is drawn, he may usually enter the theatre free of any admission or other charge for the purpose of claiming said award. If, however, the said winner does not present himself or herself within the few minutes allotted by said defendants within which to claim said award after the winner is announced, the ticket drawn is replaced in said receptacle and it is announced that the 'Bank Night' award for the following Friday night will be increased by an additional amount of money designated and determined by said defendants, usually by an additional sum of $100.00, or more. In other words, when the winner does not present himself to claim the prize as aforesaid, the award is increased $100.00 each week by said defendants until a 'Bank Night' drawing is held when the winner drawn does present himself within the time allowed and claim the award, and then the following 'Bank Night' award usually starts over at a reduced amount, which is usually $100.00 or $500.00, and the amount of said award continues to increase thereafter each succeeding 'Bank Night' drawing until a winner is selected and paid."

Paragraph 8 of the answer of the defendants to paragraph V of the bill of complaint admits, broadly speaking, the allegations thereof, except certain facts recited in paragraph 5 of the answer, which we have carefully considered and do not think the disputed questions of fact are of such materiality as to affect the principles of law governing the case at bar. It is shown by the record that the publicity given Bank Night at defendants' theatres increased not only the attendance but the revenues.

We have examined the transcript, the briefs and authorities cited by counsel for the respective parties, and, having heard argument by counsel for the respective parties at the bar of this Court on the merits thereof, we have concluded

that the case at bar is ruled by the case of Little River Theatre Corporation v. State, *ex rel.* Hodge, this day decided.

We therefore hold that the order or decree appealed from is without error and hereby affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment;

THOMAS, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.